IN THE

# SUPREME COURT OF JUDICATURE

OF THE

# STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1853, IN THE THIRTY-
EIGHTH YEAR OF THE STATE.

---

## Perry and Others *v.* Bland and Others.

Bill under art. 3, c. 30, R. S. 1843, to contest the validity and prevent the
probate of a writing offered to be proved as a will. An issue was made
up in the form prescribed by s. 60 of said article, except that the words,
"the execution of the same being admitted," were added. *Held,* that
the defendants still had the right to open and close the argument to the
jury. *Held,* also, that the defendants, by allowing the plaintiffs, as they
did, to introduce their evidence first before the jury, did not waive that
right.

APPEAL from the *Union* Probate Court.

Roache, J.—This was a proceeding instituted under the
provisions of art. 3, c. 30, R. S. 1843, by the appellants,
to contest the validity and prevent the probate of an in-
strument offered to be proved as the last will and testa-
ment of *James Snowden.*

The appellants, having first filed a caveat, filed a bill
alleging for objections against the admission of the writ-
ing offered to probate, that the decedent, at the time of

Monday,
November 28.

its execution, was of unsound mind, and that it was pro-
cured to be made by the false and fraudulent representa-
tions of the defendant, *Emily Bland.* Answers were put
in by the defendants denying the incompetency of the
testator, and the improper influences alleged.

An issue was made up, in pursuance of the provisions
of section 60 of the same chapter above cited. The jury
to which it was submitted for trial, found that the writ-
ing produced was the last will and testament of *James
Snowden.*

The evidence is not set out. A bill of exceptions was
taken, during the progress of the trial, to a ruling of the
Court, which embraces the only error complained of. It
shows that at the trial the appellants proceeded, without
objection on the part of the defendants, to introduce their
evidence to sustain their objections to the probate of the
will. They were followed by the introduction of testi-
mony on the part of the defendants, sustaining the com-
petency of the testator, and rebutting the charge of fraud
in procuring its execution. After the evidence was closed
on both sides, the Court, on motion of the defendants,
permitted them to open and close the argument to the
jury.

This ruling of the Court is the only error assigned.

The appellants insist that the rule prescribed by section
60 above cited, is changed in the present case by the form
of the issue. The issue made up is in the precise form
required in that section, except that there is added to it
these words: " the execution of the same being admitted."
They contend that inasmuch as the execution of the will
was admitted, it left them to sustain the affirmative upon
the issue as to incompetency and fraud, and that as the
issue thus threw upon them the affirmative, they were en-
titled to open and close the argument, according to the
rule in other cases.

This would be true if the statute did not prescribe a
rule. Section 56, of the same chapter, provides that it
may be objected, by allegations in writing, against the
admission of a will to probate, either that the testator

was idiotic or of unsound mind, or that the will was not duly executed, or that the same was executed under duress or restraint, or obtained by fraud, or that any other valid objection exists.   Section 60 enacts that in such proceedings an issue shall be made up whether the writing produced be the last will and testament of the testator; "and upon this issue, the defendants in such proceedings shall have the affirmative."

The language of the statute is imperative, and embraces all cases arising under it where any one of the objections specified is alleged, and there is no exception made.

It is contended, however, that inasmuch as the appellants were permitted to introduce their evidence first before the jury, without objection, the defendants were precluded from claiming their right to open and close the argument.   We do not think so.   The waiver of their right to introduce their evidence, certainly was no waiver of the right the statute gives them of opening the argument.   They might, if they chose, have introduced no evidence at all.   This certainly would not have precluded them from commenting on the appellants' evidence, and in the order prescribed by the statute.

*Per Curiam.*—The decree is affirmed with costs.

*J. Perry*, for the appellants.

*J. Yaryan*, for the appellees.

